UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08136-RGK-AS | Date | October 13, 2026 |
| Title | ***KRISTOFER KEITH et al v. GEMINI INSURANCE COMPANY et al*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings: (IN CHAMBERS) Order Re: Kristofer Keith's Motion to Remand [17]**

## I. INTRODUCTION

On May 26, 2026, Kristofer Keith ("Keith") and Spacecraft Design Construction LLC ("Spacecraft"), (collectively, "Plaintiffs") filed a Complaint in state court against Gemini Insurance Company ("Gemini"), Vela Insurance Services, LLC ("Vela"), W. R. Berkley Corporation ("Berkley"), and Kirkland McKenzie ("McKenzie") (collectively, "Defendants"). Plaintiffs allege claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) aiding and abetting tortious breach of the implied covenant of good faith and fair dealing; (4) fraud, concealment and deceit; and (5) declaratory relief. On July 23, 2026, Defendants removed the action to this Court claiming that McKenzie, the only non-diverse defendant, was added to the action as a fraudulent defendant.

Presently before the Court is Plaintiffs' Motion to Remand.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Spacecraft is a design-build firm that primarily works with restaurants and other hospitality spaces. Keith is an employee and operator of Spacecraft acting as their principal. Defendant Gemini and Vela are insurance companies. Defendant Berkley is the company that controls and operates Gemini and

Vela. McKenzie is a senior claims specialist and insurance adjuster for Vela and Gemini.[1]

Plaintiffs hold commercial general liability policies issued by Gemini, including the 2024-2025 policy (the "Policy"), which covers bodily injury and property damage liability. The Policy states that Gemini must defend and indemnify Plaintiffs against any suit seeking covered damages.

This current action arises out of an insurance coverage dispute related to two underlying actions brought against Spacecraft by two separate clients: the *Chol* Action and the *Williams* Action. Plaintiffs tendered both actions to Gemini for defense and indemnification. Gemini denied coverage in full for the *Chol* Action and in part for the *Williams* Action.

## III. JUDICIAL STANDARD

Defendants may remove a case originally filed in state court if the action presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1441(a)–(b); *see* 28 U.S.C. § 1332. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely, for diversity jurisdiction, the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## IV. DISCUSSION

Plaintiffs argue that remand is warranted because Defendant McKenzie's California citizenship destroys complete diversity. Defendants contend the Court should disregard McKenzie's citizenship because he was fraudulently joined. For the following reasons, the Court finds that McKenzie was not fraudulently joined, and therefore, it is appropriate to consider his citizenship for purposes of diversity jurisdiction.

---

[1] Plaintiff Spacecraft is a citizen of Nevada and Plaintiff Keith is a resident of California. As for Defendants, Gemini is a citizen of both Delaware and Arizona, Vela and Berkley are both citizens of Delaware and Connecticut, and McKenzie is a citizen of California.

In determining whether complete diversity exists, the court may disregard the citizenship of a fraudulently joined defendant. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A defendant is fraudulently joined if it is *obvious* that the plaintiff cannot state a cause of action against that defendant. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). To make that showing, the removing defendant must show that there is no "possibility" that the plaintiff can state a valid cause of action against the joined defendant. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). This is a "heavy burden" and courts must resolve all ambiguities in the plaintiff's favor. *Hunter*, 582 F.3d at 1046. For this reason, the standard for fraudulent joinder is higher than the standard for dismissal under Rule 12(b)(6), so a claim that may fail under Rule 12(b)(6) does not necessarily establish that a defendant was fraudulently joined. *Grancare*, 889 F.3d at 549. A plaintiff needs only one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge. *Galindo v. Hyatt Corp.*, 2025 WL 1393210, at *2 (C.D. Cal. May 13, 2025).

Although an insurance adjuster is generally not personally liable for breach of an insurance contract or insurance bad faith, the adjuster may be found personally liable for independently tortious conduct committed within the scope of the agency relationship. Cal. Civ. Code § 2343(3); *Bock v. Hansen*, 225 Cal. App. 4th 215, 228 (2014) (holding that an insurer's agents may be personally liable for independent torts). Thus, the relevant inquiry is whether Plaintiffs could possibly state a viable independent tort claim against the adjuster under California law.

Here, Plaintiffs state one claim against McKenzie for promissory fraud. Under California law, "'Promissory fraud' is a subspecies of the action for fraud and deceit." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see* Cal. Civ. Code § 1710(4). A plaintiff must establish "([1]) misrepresentation (false representation, concealment, or nondisclosure); ([2]) knowledge of falsity (or 'scienter'); ([3]) intent to defraud, i.e. to induce reliance; ([4]) justifiable reliance; and ([5]) resulting damage." *Lazar*, 12 Cal. 4th at 638. (citation omitted). "A promise to do something necessarily implies the intention to perform; hence, where promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." (*Id.*)

Plaintiffs' claim against McKenzie arises from the *Chol* Action. In this action, Chol asserted claims against Plaintiffs for damages arising from Spacecraft's demolition of Chol's restaurant interior without the required permits. (Compl. ¶ 33.) Plaintiffs tendered the *Chol* Action to Gemini for defense and indemnity. The claim was denied in full. (*Id.* ¶¶ 35–36.) Plaintiffs' counsel contacted McKenzie, the adjuster handling the claim, to gather information about the denial of coverage. (*Id.* ¶ 42.) Plaintiffs

allege that McKenzie promised to "promptly send Plaintiffs' counsel a copy" of the Policy. (*Id.* ¶ 101.) At the time he made the promise, McKenzie did not intend to perform, for the purpose of causing delay. (*Id.* ¶¶ 101, 109.) As a result, Plaintiffs were delayed in discovering that Gemini's denial of coverage was incorrect and were wrongfully forced to bear the interim defense costs. (*Id.*)

Defendants argue that Plaintiffs' claim does not, and cannot, satisfy the elements of promissory fraud. (Opp'n to Mot. to Remand, ECF No. 18 at 7.) Specifically, they dispute that Plaintiffs reasonably relied on the promise and that the promise was a substantial factor in causing Plaintiffs' harm. (*Id.*) Defendants' argument misses the point.

At this juncture, the Court need not determine whether Plaintiffs adequately pled all requisite elements of a claim for promissory fraud. Rather, the pertinent determination is whether Defendants have established that there is no possibility of stating such a claim against McKenzie. On that question, the Court finds that facts alleged do, in fact, give rise to a possibility of a viable claim for promissory fraud, and Defendants have failed to satisfy their heavy burden of showing otherwise.

Because Plaintiffs have at least one potentially valid claim against McKenzie, the Court finds that McKenzie was not fraudulently joined. Since both Defendant McKenzie and Plaintiff Keith are California citizens, complete diversity is lacking under 28 U.S.C. § 1332, and the Motion to Remand is **GRANTED.**

## V. CONCLUSION

The Court **GRANTS** the Motion to Remand.

All hearings and deadlines on this Court's calendar are vacated.

**IT IS SO ORDERED.**

**cc: LASC, 26STCV16730**

______ : ______

Initials of Preparer JRE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-08136-RGK-AS | Date | October 13, 2026 |
| Title | ***KRISTOFER KEITH et al v. GEMINI INSURANCE COMPANY et al*** | | |